**Carmela BASEL, for herself and everyone similarly situated, Appellant,**

v.

**John A. KNEBEL, acting Secretary of the U. S. Department of Agriculture, et al.**

**No. 75–1494.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 14, 1976.

Decided Jan. 3, 1977.

---

Roger A. Schwartz, New York City, with whom Ronald F. Pollack, New York City, was on the brief for appellant.

Robert S. Greenspan, Atty., Dept. of Justice, Washington, D. C., of the bar of the Court of Appeals for New York, pro hac vice, by special leave of court, with whom Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C., were on the brief for appellees.

Before BAZELON, Chief Judge, and McGOWAN and ROBB, Circuit Judges.

PER CURIAM:

Appellant brought this class action to determine the constitutionality of certain regulations implementing the Food Stamp Act, 7 U.S.C. §§ 2011 et seq. of 1964, as amended (1970). Under the regulations, households seeking stamps must from time to time obtain certification of entitlement from the state agency delegated responsibility for administering the food stamps program. 7 C.F.R. 271.4. During the period of certification, the recipient has the right to a hearing before the state may withhold stamps. The recipient remains entitled to receive stamps even if the hearing is not concluded within the initial certification period. 7 C.F.R. § 271.1(n)(4)(i). On

the other hand, when a state agency refuses renewal, the regulations provide for a hearing but deny the former recipient the right to continued benefits pending its resolution.

1. Appellant's food stamp benefits were terminated in July of 1974, when the Michigan Department of Social Services refused to recertify her eligibility. In December 1974, subsequent to the filing of this suit but prior to class certification by the District Court, the Social Services Department determined that its previous action had been erroneous and granted recertification. As a result, appellees argue that the case is now moot, citing *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975): "A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." *Id.* at 403, 95 S.Ct. at 559.

We think *Sosna* is consistent with the District Court's conclusion that the instant case presents a live case or controversy. First, appellant's individual claim is "capable of repetition, yet evading review," and therefore presents a live controversy independent of the claims of other class members. *See, e. g., Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). The challenged regulations are still in effect and can be applied against appellant when she seeks food stamp recertification in the future; in the event that her benefits are wrongfully withheld, an administrative decision based on a subsequent hearing is quite likely to issue before relief in the courts can be obtained. The *Sosna* Court clearly did not intend its holding to narrow the traditional "capable of repetition, yet evading review" exception to the mootness doctrine. *See* 419 U.S. at 399–400, 95 S.Ct. at 557; *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam). Second, the *Sosna* Court expressly provided that in some circumstances a class action should not be deemed moot even if the named plaintiff's claim becomes moot prior to certification of the class:

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

419 U.S. at 402 n.11, 95 S.Ct. at 559. Although the Supreme Court's subsequent decision in *Franks v. Bowman Transp. Co.*, 424 U.S. 747,

7 C.F.R. 271.1(n), (2)(v). Appellant claims this latter provision violates due process, in particular, *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).[1]

96 S.Ct. 1251, 1259–60, 47 L.Ed.2d 444 (1976), suggests that a more relaxed standard might now be appropriate for determining when certification "relates back," we think that the instant case satisfies the *Sosna* standard in any event, and therefore we find it unnecessary to address the precise effect of *Franks*. The post-denial hearing likely will, and in this case did, moot the named plaintiffs' immediate claims before the district court has had a full opportunity to evaluate the propriety of class certification, let alone before the substantive merits of the class claim have been decided on appeal. *See, e. g., Gerstein v. Pugh*, 420 U.S. 103, 110–11 n.11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Frost v. Weinberger*, 515 F.2d 57, 62–64 (2d Cir. 1975), *cert. denied*, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976); *Morales v. Minter*, 393 F.Supp. 88, 91–92 n.5 (D.Mass.1975). Whether or not the challenged regulations raise a live controversy with regard to appellant's individual claim, it is clear that a live controversy exists with regard to class members who are currently being denied prior hearings as a result of the regulations. Of course, in order for appellant to serve as the class representative, "the district court must assure itself that [she] will adequately represent the interests of the class." *Sosna v. Iowa, supra*, 419 U.S. at 403, 95 S.Ct. at 559; Fed.R.Civ.P. 23(a).

The Government also argues that appellant and the class she represents lack a "property interest" within the meaning of the relevant Supreme Court precedents. We disagree. The Food Stamp Act and the regulations thereunder have conferred upon these individuals a claim of entitlement to continued receipt of food stamp benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 262–63 & nn. 8–9, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1972); *Bermudez v. United States Department of Agriculture*, 160 U.S.App.D.C. 150, 490 F.2d 718, 721 n.3 (1973). This claim of entitlement would constitute a property interest even if the class members were seeking initial certification for benefits, rather than recertification. *See Board of Regents v. Roth, supra, discussing Goldberg v. Kelly, supra*; *Goldsmith v. Board of Tax Appeals*, 270 U.S. 117, 123, 46 S.Ct. 215, 70 L.Ed. 494 (1926). Thus, the issue in this case is not whether due process is applicable, but rather what process is due. *See Mathews v. Eldridge, supra. See generally*, Note, Specifying the Procedures Required by Due Process: Toward Limits on the Use of Interest Balancing, 88 Harv.L.Rev. 1510, 1510–18 (1975).

■ Before trial, appellant moved for summary judgment or, in the alternative, a preliminary injunction against enforcement. The government appellees then moved to dismiss for failure to state a claim upon which relief can be granted. The appellant's motions were denied, the government's granted. In considering the government motion, the trial court treated it as a motion for summary judgment by looking past the pleadings to information contained in affidavits.[2] Thus the trial court's order can be upheld only if, viewing the case most favorably to the appellant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c) F.R.Civ.P.

■ The sole finding of fact made by the trial judge was that "the average food stamp recipient's bonus is only $17.54 per month." From this he concluded that the class represented by appellant was not in "brutal need" as that term was explained in *Torres v. New York State Dept. of Labor*, 321 F.Supp. 432 (S.D.N.Y.), vacated and remanded, 402 U.S. 968, 91 S.Ct. 1685, 29 L.Ed.2d 133, judgment reinstated, 333 F.Supp. 341 (S.D.N.Y.1971), *aff'd* per curiam, 405 U.S. 949, 92 S.Ct. 1185, 31 L.Ed.2d 228 (1972). In *Torres* a three-judge court refused to extend *Goldberg* to unemployment compensation recipients on the grounds that those individuals were not in "brutal need" as were the welfare recipients in *Goldberg*. Noting that the summary affirmance in *Torres* was the only expression of views by the Supreme Court regarding the applicability of *Goldberg* outside the welfare context, the trial judge concluded that a pre-termination hearing was not constitutionally required in this case.

Subsequent to the issuance of the trial court's opinion, the Supreme Court decided *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed. 18 (1976), and thoroughly discussed this general area. *Eldridge* contemplates a much broader factual inquiry than that conducted by the court below. In particular, *Eldridge* requires analysis of first, "the private interest . . . affected; second, the risk of erroneous deprivation . . . and the probable value, if any, of additional or substitute safeguards; and finally, the government's interest. . . ." 424 U.S. at 96 S.Ct. at 903, 47 L.Ed. at 33. Since the trial judge apparently concluded that a finding on the first factor alone could be dispositive, we must reverse and remand.[3] See *Williams v. Butz*, Civil Action No. J75–24(N) (S.D.Miss., July 30, 1976). Furthermore, in regard to determining on remand the nature of the private interest involved, we note that, as in *Goldberg*, the Food Stamp Act is based on need. The Supreme Court highlighted the importance of this fact in *Eldridge*, 424 U.S. at 339, 96 S.Ct. at 905, 47 L.Ed. at 36.[4] And

---

Finally, regulations have been issued that supplant those at issue in this case 41 F.Reg. 18781 et seq. (May 7, 1976). However, enforcement of these regulations was enjoined in *Trump v. Butz*, Civil Action No. 76–933 (D.D.C. June 18, 1976) and the old regulations remain in force. In any event, even if the new regulations were in force, the issue presented in this case would not be moot; the only change in the regulatory scheme that bears on this case is a reduction in the length of the certification period. 7 C.F.R. § 271.3(a)(1)(iv), as re-promulgated at 41 F.Reg. 18787.

2. The trial judge did not acknowledge that the government's motion to dismiss had been converted into a motion for summary judgment under rule 12(b), F.R.Civ.Pro. Nevertheless, affidavits had been admitted on the appellant's motion for summary judgment and he used those materials in passing on the "motion to dismiss." He specifically found "[u]pon the present record, we are unable to find that plaintiff and the class . . . are 'destitute, without funds or assets' . . . ." (unpublished order, appellant's appendix at 143). Under these circumstances, an appellate court is to treat the motion to dismiss as a motion for summary judgment, *e. g. Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335 F.2d 996 (1964).

3. Because a remand for further factual development is necessary, appellant's motion for summary judgment was properly denied. We offer no view on whether a preliminary injunction should issue. That is a determination for the trial court in the first instance in light of the requirements of the remand.

4. Furthermore, in holding that government disability benefits are not as important to the recipient as are welfare payments, the Court

there is also a question as to whether the focus should be on the average bonus per individual instead of the average household bonus.

We reverse the order of the trial court dismissing the action and remand the record for further proceedings not inconsistent with this opinion.

*It is so ordered.*