Gloria P. SANCHEZ–MARIANI,
Plaintiff, Appellant,

v.

Herbert E. ELLINGWOOD, et al.,
Defendants, Appellees.

No. 82–1383.

United States Court of Appeals,
First Circuit.

Argued June 11, 1982.

Decided Sept. 20, 1982.

Jane P. Danowitz, Staff Counsel, Washington, D. C., with whom Luis Escribano Diaz, Hato Rey, P. R., was on brief, for plaintiff, appellant.

Raymond E. Morales, Asst. U. S. Atty., Hato Rey, P.R., with whom Raymond L. Acosta, U. S. Atty., San Juan, P. R., was on brief, for defendant, appellee John O. Marsh.

Bruce Mayor, Legal Counsel, Washington, D. C., with whom Evangeline W. Swift, Gen. Counsel, Washington, D. C., was on brief, for defendants, appellees Herbert E. Ellingwood and Arthur Joseph.

Before ROSENN,* Senior Circuit Judge, and CAMPBELL and BREYER, Circuit Judges.

BREYER, Circuit Judge.

In December 1981 plaintiff-appellant was dismissed from her position as a secretary for the Army Corps of Engineers. Poor job performance was the stated reason for the dismissal. She appealed from the dismissal to the Merit Systems Protection Board and sought a hearing. The Board scheduled a hearing on her case for March 11, 1982, in New York City. Plaintiff immediately wrote to the Board, asking that the hearing "be transferred to San Juan, Puerto Rico." She added: "If the transfer is not possible, I request a postponement until the money to cover expenses is raise[d]." Plaintiff-appellant did not specify the length of the postponement that she desired. The Board responded on March 4, 1982. It wrote her that budgetary restrictions had deprived it of travel funds; thus making it difficult to hold hearings except at its eleven regional offices. It added that because plaintiff had good cause for requesting the postponement, that postponement would be granted "until such time as the Board's funding permits holding a hearing in Puerto Rico."

A week later plaintiff filed a "Complaint for Injunctive and Declaratory Relief" in the United States District Court for the District of Puerto Rico, naming as defendants Herbert E. Ellingwood, in his official capacity as Chairman of the Merit Systems Protection Board, Arthur Joseph, in his official capacity as a Hearing Officer of the Merit Systems Protection Board, and John O. Marsh, in his official capacity as Secretary of the Army. The gist of the complaint was that the Board's refusal to give her an "expeditious hearing in Puerto Rico" violated plaintiff's statutory and constitu-

* Of the Third Circuit, sitting by designation.

tional rights. Plaintiff therefore requested as relief: a declaration that this refusal violated her right to a hearing under 5 U.S.C. § 7701(a), Complaint, ¶ V(a); a declaration that this refusal violated plaintiff's due process rights under the Constitution, *id.,* ¶ V(b); an order directing defendants to grant plaintiff an immediate hearing in San Juan, *id.,* ¶ V(c); an order directing defendants to reinstate plaintiff pending the hearing, *id.,* ¶ V(d); an injunction against further violations of the statute and Constitution, *id.,* ¶ V(e); "such damages as may be just and proper under the circumstances," *id.,* ¶ V(f); "such other relief as may be just and proper," *id.,* ¶ V(g); and costs, including attorney's fees. *Id.,* ¶ V(h).

Plaintiff moved in the district court for both a temporary restraining order and a preliminary injunction. The district court denied the motion for the temporary restraining order on March 10, 1982, noting that "it is difficult to see how the Board could have violated any of plaintiff's due process rights consisting of an expeditious hearing where it appears that she waived it when she requested postponement." Following a hearing during which plaintiff sought to introduce evidence supporting her claims that she could not afford to travel to New York and that she would suffer irreparable harm in the absence of a preliminary injunction, the district court denied the second motion and dismissed the complaint on April 6, 1982. The court found that plaintiff possessed sufficient assets to enable her to attend a hearing in New York. It added that, in any event, her claim was premature because, if the Board failed to act on her discrimination claim within 120 days, she could file a civil action in district court under 5 U.S.C. § 7702(e)(1) attacking her discharge and raise her due process claims in that action. Because of its dismissal of the complaint, the court did not rule on the Secretary of the Army's separate motion to dismiss the case against him for insufficiency of process. Nor did it rule on plaintiff's motion to amend service of process.

Following dismissal of the case, plaintiff immediately appealed to this court. The Secretary of the Army also appealed, claiming that the trial court lacked jurisdiction over him. While these appeals were pending, the Board was able to schedule a hearing for plaintiff in Puerto Rico, for one of its officials went to Puerto Rico on other business. The Board held the hearing in Puerto Rico on June 3, 1982, before oral argument here. Defendants accordingly moved to dismiss the case as moot. We deal first with the appeal of the Secretary of the Army and then with the plaintiff's claims against the Merit Systems Protection Board officials.

■ 1. *Secretary of the Army.* According to Fed.R.Civ.Pro. 4(d) service is made upon an officer or agency of the United States "by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency." Under the same rule, one serves "the United States" by "delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought [or to an assistant United States attorney or to certain designated clerical employees in the United States attorney's office] and by sending a copy ... to the Attorney General of the United States ...." Fed.R.Civ.Pro. 4(d)(4), (5). Plaintiff failed to comply with these rules, for she failed to serve a summons upon any of the persons specified by Rule 4(d)(4) in the office of the United States Attorney for the District of Puerto Rico. The Secretary has consistently disputed the jurisdiction of the district court over him in the absence of proper service. As plaintiff's contention that service has been amended is not borne out by the record, we can only conclude that the court lacks jurisdiction over the Secretary. Moreover, the only claim for relief related to the Secretary is plaintiff's request for immediate reinstatement until a hearing is scheduled in Puerto Rico on the merits of her removal. Complaint ¶ V(d). As that hearing has been held, this claim is moot. Plaintiff does not contend otherwise. *See Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964);

see also *Powell v. McCormack,* 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 1950 n. 7, 23 L.Ed.2d 491 (1969); *Sibron v. New York,* 392 U.S. 40, 50 n. 8, 88 S.Ct. 1889, 1896 n. 8, 20 L.Ed.2d 917 (1968). The case against the Secretary of the Army is therefore properly dismissed.

2. *Declaratory relief against MSPB officials.* Plaintiff admits that her requests for injunctive relief have been mooted by the holding of the June 3 hearing. She contends, however, that her requests for declaratory relief and for damages still present live controversies. We disagree.

We fail to see the point of ruling about the legality of depriving plaintiff of a hearing that has now been given her. This is not a case that requires decision because it "presents a question 'capable of repetition, yet evading review,' *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515 [31 S.Ct. 279, 283, 55 L.Ed. 310] (1911); *Roe v. Wade,* 410 U.S. 113, 125 [93 S.Ct. 705, 713, 35 L.Ed.2d 147] (1973)," *DeFunis v. Odegaard,* 416 U.S. 312, 318–19, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974); *see also DeBrown v. Trainor,* 598 F.2d 1069 (7th Cir. 1979); *White v. Mathews,* 559 F.2d 852 (2d Cir. 1977); *Basel v. Knebel,* 551 F.2d 395 (D.C. Cir.1977). Cf. *Southern Pacific Terminal Co. v. ICC, supra.* Plaintiff sued in her own right not as a class representative. The likelihood of repetition as to her is minute. See *Gomes v. Rhode Island Interscholastic League,* 604 F.2d 733, 736 (1st Cir. 1979). While it is conceivable that she could be reinstated and subsequently dismissed, this possibility is too remote to assure that the parties have a substantial enough stake in the outcome of this case to justify resolution of the issues involved. *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974); *Golden v. Zwickler,* 394 U.S. 103, 109–10, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969). Moreover, the issue in this case cannot evade review, for if the conduct is repeated and causes harm, the dismissed employee can readily seek court review of his dismissal and argue the unlawfulness of the hearing procedure. For that matter, plaintiff herself, if she is reinstated and again dismissed, can then raise the lawfulness of the hearing procedures in court.

Plaintiff seeks to avoid mootness by relying upon language in *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) and related cases, which, the Supreme Court has recently written, stand "for the proposition that the 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.,* does not make this case moot.'" *DeFunis v. Odegaard,* 416 U.S. at 318, 94 S.Ct. at 1706. The *Grant* Court noted the need for assurance that the wrong will not be repeated, for otherwise the defendant is free to return to his old ways. This fact (in *Grant*) was sufficient to avoid mootness because of the "public interest in having the legality of the practices settled." *United States v. W.T. Grant Co.,* 345 U.S. at 633, 73 S.Ct. at 897–98, as discussed in *DeFunis v. Odegaard, supra.* Plaintiff argues that, because the defendant admits that it continues to schedule hearings only at its regional offices, the case is not moot.

We do not accept plaintiff's argument, for we read *Grant* more narrowly than does she. For one thing, plaintiff's broad reading of *Grant* would effectively supplant *Southern Pacific;* yet the Supreme Court in *DeFunis* stresses the importance of the *Southern Pacific* test. Indeed, the Court's discussion suggests the appropriateness of reading *Grant*'s language somewhat literally, to say that "cessation of allegedly illegal conduct" does not necessarily "deprive the tribunal of *power* to hear and determine the case;" whether that power should be exercised is a matter for the court to decide taking into account the "public interest in having legality of the practices settled."

For another thing, the statute at issue in *Grant* (the Clayton Anti-Trust Act, 15 U.S.C. §§ 12, 13, 14–21, 22–27 (1976)) and the conduct at issue (interlocking directorates) made plausible the fear that firms would engage in the activity causing harm to the economy, but stop as soon as they were challenged legally. Thus, one could

find policy reasons against mootness in *Grant* stemming from the need to prevent the harm at which the statute was aimed. In this case, however, the contrary is true. Not only is there no special need to pass upon the lawfulness of the agency's practice now, but general principles of administrative law—principles governing the timing of judicial review—caution us against interfering with agency action issuing declaratory judgments about agency conduct in cases currently being processed before the agency. In this case there are no special circumstances or need which makes necessary review that would otherwise seem premature. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). *See also Roosevelt Campobello International Park Commission v. EPA,* 684 F.2d 1034 (1st Cir. 1982); *Constance v. Secretary of Health and Human Services,* 672 F.2d 990 (1st Cir. 1982).

We conclude that declaratory relief is inappropriate.

3. *Damages against MSPB officials.* Plaintiff also raises an eleventh-hour claim for damages, citing *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is her contention that her claim for "such damages as may be just and proper under the circumstances of this case," Complaint ¶ V(f), raised the issue of damages on a constitutional tort theory as established in the cited cases.

■ We disagree. With all due allowance for the liberality of modern notice pleading, we do not believe that the boilerplate request in ¶ V(f) is a sufficient predicate for plaintiff's current claim. This is particularly so in this case where such a reading of ¶ V(f) is inconsistent with the balance of the complaint. The title of the complaint indicates that it is one "for Injunctive and Declaratory Relief." No mention is made of damages for a constitutional tort. Nor does the complaint allege particular damages flowing from the alleged violation.

■ Furthermore, it is specifically stated in the complaint that the defendants Ellingwood and Joseph are sued in their official capacities. Complaint ¶¶ III(a) and III(5). A constitutional tort action under the *Bivens* line of cases is against a federal official in his individual capacity only, not in his official capacity. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. generally and at 396, 91 S.Ct. at 2004–05. Plaintiff cites no authority for an award of damages against the defendants in their official capacities. Such an action would be one against the United States, *see Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Malone v. Bowdoin,* 369 U.S. 643, 644–45, 82 S.Ct. 980, 981–82, 8 L.Ed.2d 168 (1962); *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947). *Cf. Larson v. Foreign & Domestic Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Thus, the case would be barred by principles of sovereign immunity unless within the scope of any express statutory waiver of governmental immunity. Plaintiff has made no effort to indicate any applicable waiver of immunity for damages on a constitutional tort theory under the Fifth Amendment and we do not believe that the issue is fairly raised in any of the pleadings or other proceedings to date.

For the reasons discussed above, *the judgment of the district court is vacated and remanded, with instructions to dismiss the complaint as moot.*