Mrs. Mannie BANKS, on her own behalf, and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

John R. BLOCK, et al., Defendants-Appellees.

Jesse and Mrs. Deborah HOLLAND, Plaintiffs-Appellants,

v.

John R. BLOCK, et al., Defendants-Appellees.

Nos. 81–5693, 81–5833.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1982.

Decided Feb. 10, 1983.

Rehearing and Rehearing En Banc Denied April 1, 1983.

Robert L. Huggins, Jr. (argued), Angela Sherbo, Richard L. Kaiser, Appalachian Research & Defense Fund of Kentucky, Inc. Hazard, Ky., for plaintiffs-appellants.

Mark B. Rotenberg (argued), Atty. Adviser, Office of Legal Counsel, Dept. of Justice, Washington, D.C., Robert B. Shanks, Deputy Asst. Atty. Gen., Washington, D.C., Joseph L. Famularo, U.S. Atty., Lexington, Ky., Barbara Edelman, Marianna J. Read, Asst. U.S. Attys., Kay E. Sauer, Stanley A. Stratford, Gen. Counsel, Dept. of Human Resources, Frankfort, Ky., Linda Cromwell, William Kanter, Frederick Geilfuss, Dept. of Justice, Civ. Div., Washington, D.C., for defendants-appellees.

Before KRUPANSKY and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Does a food stamp recipient whose certification has expired and who has been found ineligible for recertification, have a property interest in, and a constitutional right to, the continuation of food stamp benefits pending a hearing under 7 U.S.C. § 2020(e)(4) & (e)(10)? This question is presented in two consolidated appeals. Appellants claim a due process property interest in the continuation of food stamps benefits under the fifth and fourteenth amendments to the Constitution. This is a question of first impression in this Circuit and we are cited to no cases from other circuits directly on point.

Two judges of the United States District Court for the Eastern District of Kentucky, Honorable Eugene E. Siler, Jr., London Division, and Honorable G. Wix Unthank, Pikeville Division, found that food stamp recipients have no such property right, and, accordingly, entered summary judgments in favor of defendants, John R. Block, Secretary of United States Department of Agriculture, the Secretary for the Kentucky Department of Human Resources and the Commission of the Bureau for Social Insurance, Kentucky Department for Human Resources. We affirm.

## I
### A. The Banks Case

Mrs. Mannie Banks, a mother of two children and head of household, began receiving food stamps in February 1979. In July 1979, prior to the end of her certification period, Mrs. Banks reapplied for benefits to cover a new certification period. Without any interruption in her benefits, Mrs. Banks was recertified for a 90 day period, commencing August 1, 1979 and ending October 31, 1979.

On October 3, 1979, Mrs. Banks received written notice by the State agency informing her that because she was living with her mother she no longer could qualify as the head of a household and, consequently, her food stamps would cease at the end of her current certification period—October 31, 1979. On October 4, 1979, she requested an administrative "fair hearing" under 7 U.S.C. § 2020(e)(4) & (e)(10) [1] to contest the adverse eligibility determination. This hearing was scheduled for October 31, 1979, the last day of her certification period; however, Mrs. Banks requested a continuance, pursuant to 7 C.F.R. § 273.15(c)(4), due to scheduling conflicts of her counsel. The continuance was granted and the hearing was rescheduled for November 14, 1979 —two weeks beyond the expiration of her certification period. On October 31, 1979, Mrs. Banks' certification period expired and by operation of law her benefits ceased.

The administrative "fair hearing" was conducted and resulted in a decision favorable to Mrs. Banks. She was recertified as eligible for food stamps through December 31, 1979 and also was awarded retroactive benefits for the period from October 31, 1979 to the date of her "fair hearing" decision. Nonetheless, on November 15, 1979, Mrs. Banks filed a class action in district court alleging, inter alia, that 7 U.S.C. § 2020(e)(10) deprived her of due process under the fifth and fourteenth amendments because her food stamps were terminated prior to the hearing required by the statute. The case was certified as a class action.

The district court rejected Mrs. Banks' claim, and in granting summary judgment

[1] 7 U.S.C. § 2020(e)(10) requires that the State plan for operation under the Food Stamp Act shall provide "for the granting of a fair hearing and prompt determination thereafter to any household aggrieved by the action of the State agency ... as it affects the participation of such household in the Food Stamp Program."

for the defendants held that a recipient has no property interest in receiving food stamps after the eligibility period has expired. This appeal ensued.

### B. The Holland Case

Jessie and Mrs. Deborah Holland began receiving food stamps in February 1980 and were certified as eligible through May 31, 1980. In April 1980, plaintiffs received notice that their certification period was soon expiring and that it would be necessary for them to reapply for food stamp benefits. During the processing of the Hollands' application it was discovered that Mr. Holland recently had become employed, resulting in a change of income for the household. In light of this change in reported income, the State agency requested Mr. Holland to submit his new payroll check-stub to verify the income change and thereby complete the application for benefits.

The State agency did not receive this information prior to the end of the Hollands' certification period, and, accordingly, benefits ceased at the end of their certification period. However, due to administrative error, no notice of the denial was sent to the Hollands as required by 7 C.F.R. §§ 273.10(g)(2) & 273.14(c)(2). Mr. and Mrs. Holland were permitted to reapply for benefits. Nevertheless, on June 10, 1980, their application for benefits again was denied because Mr. Holland allegedly "voluntarily quit" his job.

Mr. and Mrs. Holland requested a "fair hearing" on this denial. On July 28, 1980, a State agency "fair hearing" was conducted, wherein it was determined that the denial of the benefits was erroneous. The Administrative Law Judge ordered that the Hollands be certified as eligible for food stamps through August 31, 1980, and that they be awarded retroactive benefits through the month of June 1980.

In the interim, on July 24, 1980, Mr. and Mrs. Holland filed a complaint in the district court raising the identical constitutional issue raised by Mrs. Banks. On September 14, 1981, the district court granted defendants' motion for summary judgment on the merits. District Judge Eugene E. Siler,

Jr., relying, in part, on the *Banks* order, held that a recipient does not have a property interest in the continued receipt of food stamps after the certification period has expired. The court also ruled that the granting of summary judgment for the defendants mooted the plaintiffs' class action request. This appeal follows. The cases were consolidated for purposes of appellate review pursuant to Rule 3(b), Fed.R.App.P.

### II

In both the *Banks* and *Holland* cases, it would appear that the post-termination hearings mooted the plaintiffs' claims. However, we conclude that the issue presented could arise again between the named plaintiffs and defendants when future certification periods expire and benefits are discontinued. Further, since the *Banks* case was certified as a class action, a live controversy exists with regard to the class members who are currently being denied benefits pending a "fair hearing." Therefore, this case falls within the "capable of repetition, yet evading review" exception to the law of mootness. *See Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973); *Basel v. Knebel*, 551 F.2d 395, 397 n. 1 (D.C.Cir.1977).

### III

The Food Stamp Program was promulgated to encourage nutritionally adequate diets for low income households. 7 U.S.C. § 2011. As a joint federal-state effort, the program is administered by the appropriate State agencies, but is subject to federal regulation. 7 U.S.C. § 2020. As part of this joint effort the federal government absorbs the entire cost of food stamps, as well as fifty percent of the States' administrative costs. 7 U.S.C. §§ 2013, 2025.

Recipients of food stamp benefits are eligible for only a limited "certification period," defined as the "period for which households shall be eligible to receive authorization cards." 7 U.S.C. § 2012(c). These cards, which are issued by the State agency, evidence the benefit allotment to which the

household is entitled. 7 U.S.C. § 2012(b). Certification periods may range from three to twelve months in length, or as circumstance indicate the likelihood of changes in income or household status. 7 U.S.C. § 2012(c).

Once a household has made application and is found eligible to receive food stamps, the applicant is notified of the period of eligibility. The statute requires that a household must be notified of the expiration of its certification period "prior to the start of the last month of its certification period." 7 U.S.C. § 2020(e)(4). This notice provides each household with one month's warning that in order to be eligible for future benefits, a new application must be filed, an interview with an eligibility worker held, and a new certification period assigned. 7 C.F.R. § 273.14(b)(3).

In processing an application for recertification, changes in income and household circumstances which affect eligibility must be reported and verified. 7 U.S.C. § 2015(c). Basically, those seeking recertification are treated essentially like first-time applicants. See 7 C.F.R. § 273.2(f)(9). If a household reapplies for benefits before the fifteenth day of the last month of its certification period, an eligibility determination must be made in sufficient time so that, if found eligible, there will be no interruption in benefits between the old and new certification periods. 7 U.S.C. § 2020(e)(4); 7 C.F.R. § 273.14(c)(2). If a household fails to reapply, benefits will cease upon the expiration of its certification period.

Before taking any action to reduce or terminate benefits during a household's certification period, the State agency must provide the household with notice of the proposed action and grant a "fair hearing" if requested. In any case, when a household is found ineligible for a new certification period or when adverse agency action is proposed, a party may request a "fair hearing" and benefits must continue unchanged until a hearing decision is issued, or until the household's certification period expires—whichever occurs earlier. 7 U.S.C.

§ 2020(e)(10); 7 C.F.R. §§ 273.13(a), 273.-15(k). Consequently, in no case does the statute provide for a continuation of food stamp benefits beyond the expiration of the current certification period, even if a requested "fair hearing" on eligibility is pending. See 7 C.F.R. § 273.10(f).

On appeal, plaintiffs challenge the constitutionality of 7 U.S.C. § 2020(e)(4) & (e)(10), which, as indicated, establish that a household applying for recertification is not entitled to a continuation of benefits beyond the certification period of eligibility, notwithstanding the pendency of a "fair hearing."

## IV

■ The fifth and fourteenth amendments to the Constitution provide for protection against the deprivation of liberty or property without due process. To trigger the application of due process concepts, there must be both governmental action and the deprivation of a "life, liberty, or property" interest to warrant constitutional protection. Since the termination of food stamps necessarily involves the requisite governmental action, see *Thorpe v. Housing Authority*, 386 U.S. 670, 678–79, 87 S.Ct. 1244, 1248–49, 18 L.Ed.2d 394 (1967), the only significant question in the present case is whether it deprives individual recipients of a protected right. See *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 983, 901, 47 L.Ed.2d 18 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972). Accordingly, appellants' claim that recipients applying for recertification are entitled to a pretermination hearing before benefits are terminated, notwithstanding the expiration of their certification period, can stand only if it is found that such recipients have a property interest in the continued receipt of food stamps beyond the expiration of their certified period.

■ There can be no precise definition of a property interest, since it is one of the constitutional concepts "purposely left to

gather meaning from experience." *National Mutual Insurance Co. v. Tidewater Transfer Co., Inc.,* 337 U.S. 582, 646, 69 S.Ct. 1173, 1195, 93 L.Ed. 1556 (1949) (Frankfurter, J., dissenting). Although property interests are not defined with exactness and are not subject to rigid and mechanical limitations, it is clear that such interests warranting constitutional protection extend beyond "actual ownership of real estate, chattels or money." *Roth supra,* 408 U.S. at 571–72, 92 S.Ct. at 2706. Nonetheless, "the range of interests protected by procedural due process is not infinite." *Roth, supra,* 408 U.S. at 570, 92 S.Ct. at 2705. The decided cases, however, have established basic principles to identify those property interests which rise to a level warranting constitutional protection.

In *Roth, supra,* an untenured professor at a state university was informed that he would not be rehired for the following academic year. Roth was not given any justification for the decision not to renew his present contract and he was not afforded the opportunity for a hearing. Roth brought suit, alleging that his right to procedural due process had been violated. Essentially, he claimed a property interest in continued employment, even though his contract was for only one year.

The Supreme Court rejected Roth's claim, holding that he had no property interest in reemployment, short of a unilateral expectation which could not constitute a legitimate claim of entitlement and therefore, rise to the level of a protected property interest. 408 U.S. at 578, 92 S.Ct. at 2709. In so holding, the Court stated:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. Thus, the welfare recipients in *Goldberg v. Kelly, supra,* [397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287] had a claim of entitlement to welfare payments that was grounded in the statute defining eligibility for them. The recipients had not yet shown that they were, in fact, within the statutory terms of eligibility. But we held that they had a right to a hearing at which they might attempt to do so.

*Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709.

The *Roth* decision is instructive in two respects. First, in the present case it is clear that a household's abstract concern or unilateral expectancy in the continuous receipt of food stamps is not enough to create a constitutionally protected interest. In light of the explicit terms of the Food Stamp Act appellants cannot justify a reasonable expectancy of entitlement and that benefits will continue beyond expiration of the assigned certification period. Recipients of food stamps are assigned a specific term of eligibility. On two separate occasions they are informed that their benefits would cease at the end of their certification period. It is further provided that benefits will not extend beyond this period until a new application is completed, eligibility determined, and a new period of certification assigned. The continuous receipt of benefits beyond certification periods can be nothing more than an unprotected unilateral expectation on the part of the appellants.

Second, and most important, *Roth* holds that property interests are created and their dimensions are defined by an independent source. 408 U.S. at 577, 92 S.Ct. at 2709. Thus, as in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287

(1970), to determine the existence of a property right protected by due process, the statute creating and defining that right is controlling.

Under the Food Stamp Program it appears that the certification period of eligibility, like the one-year teaching contract in *Roth,* establishes no property interest beyond the term of the assigned period. The legislative history of the Act shows the intention of Congress to limit any asserted property interest in the continuous receipt of food stamps. The Report of the House Committee on Agriculture which accompanied the 1977 certification amendments provides in pertinent part:

> The Committee bill agrees with the Department's proposals on the need for timely notice, but effectively rejects the Department's decision to view food stamps as a continuous entitlement by providing for eligibility to continue across certification periods until a hearing decides a contested reduction or termination. The food stamp program is not a program of permanent or continuing eligibility subject to periodic review. It is a program of distinct and separate entitlements known as certification periods, which limit participation in the program. When each such period ends for a household so does its eligibility unless, in the meantime, it has been certified as eligible for a new period.

H.R.Rep. No. 95–464, 95th Cong. 1st Sess. 282, *reprinted in* [1977] U.S.Code Cong. & Ad.News 1704, 2217. In discussing the certification periods the Committee stated, in part:

> *This reinforces the limited nature of the property interest conferred by certification*—an entitlement for one certification period and one certification period only. Should a household be terminated on day fifteen of a three-month period and immediately request a hearing, it could continue to receive benefits until an adverse decision was reached or until day ninety, whichever first occurred. The end of a certification period is, thus, the definitive cut-off of the right to partici-

pate in the absence of recertification. House Report, *supra,* at 2219 (Emphasis added.)

■ The Congress expressly rejected what the appellants are now urging this court to order. The Department of Agriculture had proposed a rule which would have allowed benefits to continue through the expiration of a certification period if a "fair hearing" was pending. Congress did not adopt this proposal. In view of the express intention of Congress, we hold that a household has no protectable property interest in the continuous entitlement to food stamps beyond the expiration of its certification period.

In urging reversal, appellants cite two circuit court decisions, which in dicta may be construed to support their proposition that a property right exists in food stamps beyond the expiration of the household's certification period. *See Basel v. Knebel,* 551 F.2d 395, 397 n. 1 (D.C.Cir.1977); *Banks v. Trainor,* 525 F.2d 837, 841–42 n. 2 (7th Cir.1975), *cert. denied,* 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). We find such reliance to be misplaced. Both of these cases were decided before the 1977 certification amendments in which Congress made clear its intention to limit any asserted property interest in food stamp entitlement.

Appellants also rely on the Supreme Court decision in *Goldberg v. Kelly, supra.* In *Goldberg,* welfare recipients challenged existing aid termination procedures. Under the statute there involved, recipients were unable to appear and present evidence prior to the termination of their welfare benefits. The Court held that such a procedure violated due process concepts since recipients were entitled to benefits, on a continuous basis, so long as they remained eligible.

We find appellants' reliance on *Goldberg* to be unavailing. The welfare benefits involved in *Goldberg* were not statutorily time limited, but continuous; whereas, food stamp recipients are entitled to benefits only for a definite period of time. Consequently, the food stamp certification program differs substantially from the welfare program involved in *Goldberg. See* House

Report, *supra,* at 2216–17 (comparison of food stamp program with welfare and social security programs).

Finally, those seeking recertification for food stamps are treated essentially like first-time applicants. As the Supreme Court held in *Lavine v. Milne,* 424 U.S. 577, 586, 96 S.Ct. 1010, 1016, 47 L.Ed.2d 249 (1976), "nothing in the Constitution requires that [assistance] benefits be initiated prior to the determination of an applicant's qualifications at an adjudicatory hearing." Since at the expiration of their certification period, appellants' interest is no greater than that of an initial applicant, there is no merit in the claim of constitutional protection.

Accordingly, we conclude that appellants' claim of a property interest is unfounded.

Affirmed. No costs are taxed. The parties will bear their own costs in this court.