**Joseph R. HOLMAN; Dottie Holman, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**John R. BLOCK, individually and in his official capacity, Secretary of the United States Department of Agriculture; Phillip J. Kirk, Jr., individually and in his official capacity, Secretary of the North Carolina Department of Human Resources, Defendants-Appellees,**

**Andrea Lambertson, Director, Department of Division of Social Services, Ashe Co., Defendant.**

No. 86–2615.

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1987.

Decided July 13, 1987.

Louise Leona Ashmore (Legal Services of the Blue Ridge, Boone, N.C., on brief), for plaintiffs-appellants.

Thomas Mark Bondy, Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., John F. Cordes, Dept. of Justice, Washington, D.C., on brief), for defendants-appellees.

Before HALL and WILKINS, Circuit Judges, and TIMBERS, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

K.K. HALL, Circuit Judge:

Joseph R. Holman and his wife, Dottie Holman ("the Holmans") appeal from an order of the district court dismissing their action alleging a violation of constitutional due process arising from the interruption of their benefits under the Federal Food Stamp Program. The court granted summary judgment in favor of the defendants, John R. Block, Secretary of the United States Department of Agriculture and Philip T. Kirk, Secretary of the North Carolina Department of Human Resources. We affirm, although for reasons different than those advanced by the district court.

I.

The Food Stamp Program created by the Food Stamp Act of 1964, as amended, 7 U.S.C. §§ 2011 *et seq.* is a joint federal-state effort whereby qualified low income households receive financial assistance in the form of food stamps. The stamps, in turn, are used to purchase food from certain approved stores. Under the controlling regulations, applicants for food stamps must have their income verified and one member of the household must appear for a personal interview with the local social service agency before eligibility can be determined. A household found to be eligible is certified to receive benefits for a specified certification period that is usually between three to twelve months.

If a household's income or other relevant circumstances change during a certification period, eligibility may be revoked and benefits terminated. However, a household currently receiving benefits has the right to an administrative hearing before an action may be taken that adversely affects its participation in the Food Stamp Program. Benefits may not be terminated while a hearing is pending.

In the normal operation of the program, the administering state agency must notify recipient households approximately one month before the end of their certification period. The notification must inform the household that its eligibility is expiring and that another application is necessary to obtain recertification. An applicant who reapplies in a timely fashion and who is found eligible is entitled to be certified for a new certification period beginning at the end of the current period, thus allowing an uninterrupted receipt of benefits. An applicant who is denied recertification may request a hearing, but benefits terminate

at the end of the certification period regardless of the pendency of such a hearing.

In the present case the Holmans were certified by the North Carolina Department of Human Resources to receive benefits from a period beginning on October 18, 1984, and concluding at the end of January, 1985. On December 11, 1984, the state agency sent them a Notice of Expiration. The notice also informed the Holmans that an appointment was scheduled for January 11, 1985, at which time a member of the household would be interviewed pursuant to a recertification application at the office of the Ashe County Department of Social Services.

Appellant, Dottie Holman, completed an application and appeared for the interview. The application stated that Mrs. Holman's monthly income from the sale of handmade bed canopies to a single customer was $60 and had not changed since the previous application for food stamps. The county agency, however, was in receipt of a record of purchases from Mrs. Holman's customer which suggested that her monthly income was in fact $120. Although the discrepancy, if true, would not have affected the Holman's eligibility, the county asserted that under the controlling regulations, 7 C.F.R. § 273.2(F)(8)(i)(A), it was required to verify her actual income.

It appears, however, that when the caseworkers informed Mrs. Holman that a new verification of income would be required, she became angry and left the office.[1] The Holman's made no further effort to comply with the County's requirement that Mrs. Holman's income be verified.[2] As a result of the failure to verify income, the Holmans were not recertified and their benefits expired on January 31, 1985.

On February 20, 1985, the Holmans reapplied for food stamp benefits. At this time, Mrs. Holman cooperated fully with the county agency and arranged for the purchaser of her canopies to send a record of all purchases to the food stamp office. Following a verification of income and a determination that they were still eligible for benefits, the Holmans were certified on an expedited basis for a period beginning retroactively on February 20, 1985, and extending through July, 1985.

The Holmans subsequently sought an administrative hearing in which they challenged the three week interruption in their food stamp benefits. After a hearing, the North Carolina Department of Human Resources rejected any contention that the benefits had been improperly interrupted. The Department concluded that the interruption was caused solely by Mrs. Holman's failure to comply with her responsibility pursuant to 7 C.F.R. § 273.2(F)(5) to provide the documentation needed to support her income statement.

The Holmans then filed the instant action in district court alleging *inter alia* that the interruption of benefits was in violation of constitutional guarantees of equal protection and due process. On cross-motions for summary judgment, the district court rejected those contentions. The court concluded that the notice of expiration and the opportunity for a recertification interview satisfied the requirements of due process. The court also held that equal protection did not require that the level of process for an end-of-certification period expiration of benefits be identical to procedures attendant to a mid-certification-period termination.

This appeal followed.

## II.

On appeal the Holmans rely solely on their contention that the interruption of their benefits was in violation of constitutional due process. Briefly stated, appellants argue that the statutory language of the Food Stamp Act creates a continuing entitlement to benefits that amounts to a constitutionally protected property interest.

1. In a subsequently held administrative hearing, Mrs. Holman testified that she told caseworkers that if they "could not take [her] word [concerning her income] she would see what could be done about it."

2. As she left the January 11, 1985, interview, Mrs. Holman informed the caseworkers that they were not to contact her bed canopy buyer.

In appellant's view, food stamp recipients cannot be deprived of that property interest, even by automatic expiration of benefits, unless there is first a pre-deprivation notice and an administrative hearing similar to those required in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Appellants also argue that the district court erred in holding that the certification interview satisfied due process. The Holmans contend that any hearing that precedes the notice of actual adverse action does not provide a meaningful opportunity to be heard at an appropriate time. We are not persuaded by appellants' argument.

The district court impliedly accepted the Holmans' central contention that the statutory entitlement to benefits under the Food Stamp Act creates a continuing property interest that extends through one certification period to another. The court, thereby, focused its inquiry upon the adequacy of the certification interview as an opportunity to be heard. Although we are in complete agreement with the result reached by the district court, we conclude that the extent of the property interest created by the Food Stamp Act is much more limited than the court assumed.

In *Banks v. Block*, 700 F.2d 292 (6th Cir.1983), the Sixth Circuit conducted a thorough and detailed analysis of the property interests embodied in the Food Stamp Program as amended by Congress in 1977.

Citing both the statutory language and the legislative history [3] of the certification amendments, the Sixth Circuit concluded that "a household has no protectable property interest in the continuous entitlement to food stamps beyond the expiration of its certification period." *Banks*, 700 F.2d at 297. Although the *Banks* court recognized the recipient's right to reapply for new certification periods, it characterized the anticipated receipt of benefits beyond the certification period as "an unprotected unilateral expectation." *Id.* at 296. The court thereby effectively distinguished the due process rights of food stamp recipients from those individuals in cases such as *Goldberg, supra,* who received welfare benefits unlimited by any statutory duration period.

We find the Sixth Circuit's analysis persuasive. We are likewise convinced that Congress intended the statutory entitlement created by the amended Food Stamp Act [4] and, by extension, the property interest of the recipients to be of a limited nature. It follows, therefore, that the three week interruption in the Holman's benefits was not in violation of their due process right because they had no protected interest in the continuous receipt of food stamps. Simply stated, the question in this appeal is not whether the process accorded appellants before the normal expiration of their benefits was adequate but whether any process at all was mandated. We conclude that none was required.[5]

---

**3.** The court quoted extensively from the Report of the House Committee on Agriculture with regard to the 1977 certification amendments. The report stated in pertinent part that:

> [t]he food stamp program is not a program of permanent or continuing eligibility subject to periodic review. It is a program of distinct and separate entitlements known as certification periods, which limit participation in the program. When each such period ends for a household so does its eligibility unless, in the meantime, it has been certified as eligible for a new period.

H.R.Rep. No. 95–464, 95th Cong. 1st Sess. 282, *reprinted in* [1977] U.S.CODE CONG. & AD. NEWS 1704, 2217.

The Court in *Banks* also noted that Congress had "expressly rejected" a proposed rule that would have allowed benefits to continue through the expiration of a certification period if a hearing was pending. *Banks,* 700 F.2d at 297.

**4.** We reject as utterly without merit, appellant's suggestion that the 1977 certification amendments were an unconstitutional attempt by Congress to limit the extent of due process. The amendments merely clarified the limits of an existing entitlement program.

**5.** The appellants separate statutory right to seek recertification is unquestionably protected by due process. We are convinced, however, that a full and fair opportunity to achieve recertification was accorded to the Holmans. Any delay attendant to recertification was attributable to the appellants' failure to cooperate with the responsible officials.

### III.

For the foregoing reasons the grant of summary judgment in favor of the defendants in the action below is affirmed.

AFFIRMED.