843 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse R. JACKSON, Plaintiff-Appellant,
Cuyahoga County Welfare Department, Department of Human
Services, et al., Defendant.
 Nos. 87-3273, 87-3408.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1988.
 
 Before NATHANIEL R. JONES, MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals the dismissal of his civil action, which he filed in the name of the United States, alleging that he was improperly denied food stamp benefits. Upon consideration, we affirm the judgment of the district court.
 
 
 3
 Plaintiff disagrees with the determination that he is not entitled to the benefits in question. However, plaintiff's description of this determination as fraudulent and a denial of due process is not sufficient to state a cognizable claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 108 S.Ct. 333 (1987). Further, due process does not guarantee that such decisions by state officials will always be correct. Lavine v. Milne, 424 U.S. 577, 587 (1976). Finally, it is doubtful that plaintiff enjoys a property interest in food stamps as he claims. See Banks v. Block, 700 F.2d 292, 297 (6th Cir.), cert. denied, 464 U.S. 934 (1983). Even assuming that such interest does exist, we conclude plaintiff failed to state a claim because he failed to plead and prove the inadequacy of state court remedies to redress him for the alleged random and unauthorized deprivation of food stamps. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir.1987).
 
 
 4
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.