961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jack T. FREDYMA, Plaintiff, Appellant,
v.
COMMONWEALTH of MASSACHUSETTS, et al., Defendants, Appellees.
 No. 91-1573.
 United States Court of Appeals,
First Circuit.
 May 12, 1992
 
 Appeal from the United States District Court for the District of Massachusetts
 Jack T. Fredyma on brief pro se.
 Scott Harshbarger, Attorney General, and Mark P. Sutliff, Assistant Attorney General, on brief for appellee, Commonwealth of Massachusetts.
 Wayne A. Budd, United States Attorney, and Roberta T. Brown, Assistant United States Attorney, on brief for appellees, United States Department of Energy and United States Food and Drug Administration.
 D.Mass.
 AFFIRMED
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant Jack T. Fredyma's previous employer utilized a certain type of energy efficient lighting systems, which, Fredyma has alleged, caused him personal injury.[1] He subsequently filed this action against the Commonwealth of Massachusetts (the "state") and two federal defendants, the United States Department of Energy ("DOE") and the United States Food and Drug Administration ("FDA"), the "sponsors" of the offending energy conservation program adopted and implemented at Fredyma's former work place.
 
 
 2
 The pro se complaint, which we construe as one under 42 U.S.C. § 1983, alleges that the defendants conspired to mandate participation in work-site energy conservation programs and to market and install untested and medically harmful lighting products, exposing him (and the public)[2] to unsafe devices in violation of his right to free speech and privacy under the First and Fourth Amendments. Fredyma requested $5,000,000 in damages, and an additional $5,000,000 "reward" under the False Claims Act, 31 U.S.C. § 3730.
 
 
 3
 The complaint was served upon the administrator of the Massachusetts Executive Office of Energy Resources ("EEOR"),[3] an agency of the Commonwealth, but the summonses to both federal defendants were returned without service.
 
 
 4
 The state moved to dismiss on sovereign immunity grounds stating that it had neither consented to suit nor otherwise waived that jurisdictional bar. Two months later, Fredyma moved for a preliminary injunction against the Commonwealth and EEOR alleging irreparable harm due to their participation in the federal energy programs.
 
 
 5
 When Fredyma's ensuing motion for appointment of counsel was denied, without prejudice to the filing of a renewed request "after all of the defendants have been served with process and have filed pleadings in response to the summons", there remained approximately 20 days to accomplish service on the federal defendants. Fed. R. Civ. P. 4(j). Apparently no further attempt at service was made in that period, and some two months after the above order entered, the federal defendants moved to dismiss pursuant to, inter alia, Rule 4(j). Shortly thereafter, Fredyma refiled the same motion for a preliminary injunction, now captioning, in addition to the Commonwealth, the DOE and the FDA.
 
 
 6
 The district court dismissed the complaint, concluding that monetary claims against the state, the only relief sought in the complaint, were barred by the Eleventh Amendment, and that Fredyma had failed to effect proper service of process upon the federal defendants. For the reasons that follow, we affirm.
 
 
 7
 State defendants and the Eleventh Amendment.
 
 
 8
 Absent state consent or waiver, or "unmistakably clear" Congressional override, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985), none of which is indicated here, the Eleventh Amendment bars awarding private parties compensatory monetary relief, punitive damages, equitable restitution, or any such retroactive remedy which is payable from the state treasury. Edelman v. Jordan, 415 U.S. 651, 668-69 (1974); Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983). Neither states, nor state officials acting in their official capacity, or government entities that are "arms of the State" are "persons" under § 1983 for Eleventh Amendment purposes; they cannot be sued for monetary damages. Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989), citing Will v. Michigan Dep't. of State Police, 491 U.S. 58, 70-71 (1989). As the EEOR is indisputably an integral state agency, and any money judgment against it would be satisfied out of state funds, it shares the Commonwealth's immunity from suit for such damages.
 
 
 9
 On its face, Fredyma's complaint for damages targeted only the state and its agency, the EEOR. No state official is a named party, nor does the balance of the complaint contain any reference to any such official in any capacity.
 
 
 10
 Nonetheless, the question appropriately remains whether the action is "in substance" one against a state official. Cf. Light v. Wolf, 816 F.2d 746, 749 (D.C. Cir. 1987) (allegations in complaint essentially portray dispute against official-capacity defendant); Jones v. Louisiana, 764 F.2d 1183, 1185 & n.2 (5th Cir. 1985) (Eleventh Amendment dismissal reversed because technical deficiencies may be amended where complaint could fairly be read to include state officials). As Will, 491 U.S. at 71, and Hafer v. Melo, 112 S. Ct. 358, 362 (1991), make clear, such pleading distinctions are matters of substance. Fredyma, in supporting memoranda, only alludes to an unnamed Commissioner of EEOR. Despite the liberality that attends pro se pleadings, where Fredyma has not identified any individual state defendants, and where his complaint makes no allegations whatsoever as to any role such actors might have played that could be interpreted to indicate that he seeks to hold a state official personally liable for monetary damages (thus avoiding the Eleventh Amendment jurisdictional bar), we are not "inclined to interpret damage pleas further than their plain language permits." Wilson v. Brown, 889 F.2d at 1196 n.3; see also Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 596 (1st Cir. 1982). This is not a case like Forte v. Sullivan, 935 F.2d 1 (1st Cir. 1991), where the pro se plaintiff, faced with a motion to dismiss on Eleventh Amendment grounds, quickly moved to amend his complaint to correct a "technical omission" in order to cure the immunity problem. Id. at 2. Nor is it a case like Oppenheimer Mendez v. Acevedo, 512 F.2d 1373, 1374 n.1 (1st Cir. 1975), where it was clear from the relief requested and the evidence presented that defendants were sued in their official and personal capacities, making amendment proper. Here, almost ten months separated the Commonwealth's motion to dismiss and the ultimate order of dismissal. The prodigious record filings by the plaintiff, and the referrals to a magistrate, indicate numerous opportunities to correct any oversight. Since we conclude that Fredyma unambiguously sought relief only from the state's coffers, the district court properly dismissed the claims for monetary relief against the Commonwealth. See Fred v. Roque, 916 F.2d 37, 39 (1st Cir. 1990).
 
 
 11
 Although the complaint sought only money damages, and did not request declaratory or injunctive relief, Fredyma subsequently filed a motion for injunctive relief against the Commonwealth. The district court implicitly, and properly, denied the motion in its dismissal order. First, while individual official-capacity state defendants may be sued for equitable relief, Will, 491 U.S. at 71 n.10, they must be named as parties to the suit. See Alabama v. Pugh, 438 U.S. 781 (1978); Fed. R. Civ. P. 10(a). As the above discussion regarding retrospective relief indicates, we perceive no record indication, express or otherwise, that Fredyma sought to enjoin any particular state official and similarly conclude that there was no mere technical oversight susceptible to cure by amendment of the complaint. Second, "in the absence of consent [,] a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted; emphasis added). Consequently, a state agency such as EEOR is not amenable to suit for prospective relief. See, e.g., Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 508 (9th Cir. 1990), cert. denied, 112 S. Ct. 382 (1991); Clay v. Texas Women's University, 728 F.2d 714, 716 (5th Cir. 1984). Any claims for equitable relief against the Commonwealth and EEOR are barred by the Eleventh Amendment and were properly rejected.[4]
 
 
 12
 Service on Federal Defendants.
 
 
 13
 The district court agreed with the recommendation of a magistrate that Fredyma had failed to effect proper service on the federal defendants under Fed. R. Civ. P. 4(d)(4) within the 120 day window required by Rule 4(j). Under Rule 4(d)(5), compliance with Rule 4(d)(4) is mandatory. Sanchez-Mariani, 691 F.2d at 594-95. A plaintiff bears the burden of establishing that proper service of process was accomplished, Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986), without which a federal court lacks personal jurisdiction over a defendant. Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 n.1 (1st Cir. 1991). Although Fredyma included the service of process question in an earlier ineffective notice of appeal, it does not appear in the latest statement of issues. Fredyma's arguments make only perfunctory reference to the alleged merits of his case against the federal defendants, and do not expressly contest the Rule 4(j) dismissal. As Fredyma has not briefed the matter, we consider it waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Fed. R. App. P. 28(a)(5).
 
 
 14
 Conclusion.
 
 
 15
 Since the district court lacked jurisdiction to grant relief as to any defendant, the complaint was properly dismissed. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The factual background is set out in an earlier appeal, Fredyma v. AT & T Network Systems, Inc., 935 F.2d 368 (1st Cir. 1991), and we do not repeat it here
 
 
 [2]
 Although Fredyma's filings below, as here, purport also to represent the "residents of the Commonwealth of Massachusetts", a non-attorney may "appear and practice before the court only in his own behalf." D. Mass. Loc. Rule 83.5.3(c)
 
 
 [3]
 EEOR was not a named defendant, but was referenced in the body of the complaint
 
 
 [4]
 Since the barrier interposed by the Eleventh Amendment is neutral as to the merits of the claims, see, e.g., Maritime Underwater Surveys, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 717 F.2d 6, 8 (1st Cir. 1983), we do not decide whether the complaint sufficiently alleged facts which, if true, stated a claim for relief under § 1983